IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02140-BNB

GERALD DESKINS,

     Applicant,

v.

RICK RAEMISCH, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER OF DISMISSAL

     Applicant, Gerald Deskins, is a prisoner in the custody of the Colorado Department of Corrections at the La Vista Correctional Facility in Pueblo, Colorado. Mr. Deskins initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado state court criminal conviction in Garfield County District Court case number 92CR135. On August 14, 2013, the Court granted Mr. Deskins leave to proceed pursuant to 28 U.S.C. § 1915.

     The Court must construe the habeas corpus application liberally because Mr. Deskins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will

be dismissed with prejudice for lack of jurisdiction.

Mr. Deskins previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Garfield County District Court case number 92CR135.  *See Deskins v. Warden Carl Zenon et al.,* No. 05-cv-00575-WYD (D. Colo. March 29, 2005).  Case number 05-cv-00575-WYD was dismissed with prejudice because the ineffective assistance of counsel claim, regarding Applicant's arrest and use of contaminated blood, and the double jeopardy claim were procedurally barred and the remaining claims were dismissed on the merits.  Because the action was dismissed on the merits, the Court finds that the instant application also is a second or successive application. *See Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005) (finding that § 2254 application denied on state procedural default grounds constitutes a disposition on the merits, thus rendering a subsequent § 2254 application second or successive); *Schwartz v. Neal,* 228 Fed. App'x 814, 816 (10th Cir. 2007) (per curiam) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Deskins must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id.* at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

2

that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Deskins concedes that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 1 at 9.) Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

In the Application, Mr. Deskins asserts the following four claims:

(1) the prosecution suppressed evidence favorable to the defendant in that they did not produce the BAC to be made available to the defense as required by state statute that in case of accident any participant have blood drawn to determine liability and preserve such results;

(2) the prosecution elected to charge Petitioner with child abuse in

>   addition to the charges of vehicular homicide . . . the child abuse charges
>   are a lesser included offense of the vehicular homicide charges;
>
>   (3) . . . conviction under the habitual statute is a violation of his
>   constitutional rights in that the statute is ambiguous in that it provides a
>   choice of punishments for the same offense . . .; and
>
>   (4) . . . state courts ruled and held as true an element of the offense that
>   had never been presented to the jury and is an element of the offense of
>   child abuse that is necessary insofar as a ruling found by the jury.

(ECF No. 1 at 6-8.)

Mr. Deskins fails to demonstrate that these claims are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.

It appears that Mr. Deskins' claims would be time-barred even if he had sought proper authorization prior to filing in this Court. In addition, there is no indication that Mr. Deskins seeks to pursue a claim that likely has merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Deskins' successive claims. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and the action is dismissed without prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   19th   day of   August  , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court